The next case today is Jonelson-Dore v. Merrick B. Garland, appeal number 20-1694. Attorney Crane, please introduce yourself for the record to proceed. Good morning. May it please the court, Edward Crane on behalf of the petitioner Jonelson-Dore. With permission of the court, I'd like to preserve one minute for rebuttal. Yes. The question before the court today is whether the BIA properly applied its own test for determining whether an offense is a particularly serious crime. This test, set forth in matter of NAM, first requires the adjudicator to determine whether the elements of the offense potentially bring it within the ambit of a particularly serious crime. If so, then the adjudicator must next consider whether the frontescue factors support a conclusion that the offense is a particularly serious crime. The BIA made a number of legal errors in applying this test here. First, the BIA improperly combined the underlying circumstances of both marijuana offenses in reaching its conclusion that the petitioner has been convicted of a particularly serious crime. The statutory language does not permit this type of analysis. The statute asks whether the non-citizen has been convicted of a particularly serious crime. The analysis must therefore focus on a single offense and determine whether the offense is particularly serious crime. Judge Reinhart's concurrence in Delgado v. Holder is persuasive on this point. He reasoned as follows, the singular article A could not make any clearer the singular nature of a particularly serious crime. The agency must identify one offense of conviction that constitutes a particularly serious crime. In addition to Delgado, the BIA itself has in matter of HHSM, the BIA concluded that the IJ misapplied the test by combining the petitioner's two DUI offenses and concluding that the petitioner had been convicted of a particularly serious crime. Yet, that is precisely what the BIA did here. The second issue is the BIA's failure to consider whether the elements of the offense potentially bring it within the ambit of a step that is required in the particularly serious crime analysis. The BIA completely omitted this analysis here. The third circuit recently faced a similar situation in Luziga v. Attorney General. In Luziga, the third circuit remanded because the BIA... because it felt that your client was involved in drug distribution as opposed to possession and that each offense was a particularly serious crime. The decision simply can't be read that way. So, the critical paragraph starts with this sentence, the nature, type, and circumstances of the respondent's offenses are all indicative of a particularly serious crime. Then, the paragraph continues with simply a recitation of the facts of both offenses. So, I think the only reasonable way to read that is that the BIA has combined both offenses in reaching its conclusion that the petitioner has been convicted of a particularly serious crime. I think... Let's assume we only consider one of those two and eliminate the other. There's still enough, you know, evidence before the IJ to the effect that, again, regardless of what he pled guilty to, that there's drug distribution and forget the other one. Independently, I think what Judge Thompson is asking is, is it one or the other independently still a serious crime if you look at it? Well, I think that's an analysis that the BIA has to conduct and that's why a remand is appropriate. I think that really the issue here is that the BIA didn't consider each and didn't conduct the analysis specific to each individual offense. It's possible that the BIA may consider each one offense individually and conclude that it is a particularly serious crime, but the BIA has to... The case has to be remanded so that the BIA has an opportunity to actually conduct that analysis. The issue is more so that the BIA hasn't conducted that analysis. So, we're not arguing that the BIA is... But the decision just turns on your argument about the word, right? And I guess I'm trying to figure out why we still can't read that as having concluded that both were individually. Yes, it very much does turn on the word A, but that language is critically important because that is the statutory language. And the reason why the decision really can't be interpreted to mean that the BIA looked at both offenses individually is, again, looking at the critical paragraph here. The BIA states that it's looking at both offenses and that they're all particularly serious crimes. So, if the BIA had said that both offenses themselves individually are particularly serious crimes, then I think that would have been an appropriate analysis. But what the BIA has done here in this paragraph is combine the facts of both offenses and then reach this conclusion that the defendant has been convicted of a particularly serious crime. I think really, again, the only reasonable interpretation of what the BIA has done here is that they've combined the offenses. Again, I'm looking at page three of the BIA's decision and, again, it goes to the first offense and it spells out all the facts and then it goes to the second one. So, again, independently, isn't it the BIA making that finding as to both? And it puts them both together, but as I said, if you eliminate one or you eliminate the other, you still have enough there. Why would remand be necessary? It's going to say the same exact thing. Well, I think we're not sure if the BIA is going to reach that same conclusion. What the decision indicates is that the BIA reached its conclusion based on consideration of both offenses. I don't think that the BIA's decision can be read to indicate that the BIA considered both offenses separately and then concluded that they are both a particularly serious crime. That's why the case needs to be remanded. The BIA should conduct this analysis looking at each case individually, applying the analysis to each case individually. So, I think that's the important thing that the court should remand with instruction to do. I guess we just have to figure out if, you know, as a court, we believe that that's just a semantical problem or if the BIA actually did what you said it did. And it's particularly problematic because the BIA did, in fact, go through each individual offense. Yes, the BIA did. And I think that is another flaw in the BIA's analysis here. It's that the BIA stated the facts of the offense, but in terms of its application of the Frantescu factors, there's what's missing here is the why. Why do the Frantescu factors support the conclusion that these offenses are particularly serious crimes? Again, the paragraph just states the facts. It doesn't go into why the circumstances or the underlying facts of the conviction support a conclusion that the offense is particularly serious. It doesn't explain why the sentence imposed indicates that the offense is particularly serious. It doesn't go into why the circumstances indicate that the petitioner is a danger to the community. I think this is a huge part that's lacking here. There has to be some sort of explanation as to why these factors indicate that the offenses are particularly serious. And I think, you know, particularly with those last two factors, the court, the BIA didn't consider the sentence nor the final Frantescu factor whatsoever. And really all the BIA did here is state the facts and then reach a conclusory assertion that the crimes are particularly serious. I think, again, what's missing is the why. Why do these factors support that conclusion? There has to be some sort of analysis here. I'm not saying that the BIA has to write a treatise on this. I think, though, there has to be more as to why these factors support the BIA's conclusion that the offenses are particularly serious. Thank you, Mr. Crackett. Counsel, let me also ask you, your reliance or your legal authority is the Legallo case from the Ninth Circuit and particularly that concurrence. Aside from that, I don't see you've cited any other cases that are arguably on point. Am I correct? So you would be asking us to adopt that reasoning, correct? Well, we have cited two BIA decisions that were unpublished. But I think, frankly, that those are almost equally as important as the Ninth Circuit's decision in that the BIA itself in the past has said that this type of analysis is not permitted. You can't look at two offenses in conducting the particularly serious crime analysis. And again, the BIA has done that here. So I think those cases are almost just as relevant because they're from the BIA itself. Other questions, judges? All right. Thank you, Mr. Crane. Thank you. If you would mute your audio and video. Mr. Insegno. Good morning, your honors. May it please the court, Andrew Insegno, on behalf of the Attorney General. The court's review in this case is circumscribed by a variety of factors. But we can skip all right over that for the moment and talk about what Petitioner has just said. The only reasonable reading of a decision in which the board is affirming the immigration judge's straightforward. The board reviewed two separate convictions separately, talked about them separately, dated them separately, talked about the facts separately, and then reviewed that case. It's difficult sometimes to respond to an argument when all we can really look at a decision and say the board's not confused by what it's doing, particularly in this case because we look at the immigration judge's decision. Why did the judge use a as opposed to each is a particularly serious? That's what gives rise to the argument. It is, your honor. It's what gives rise to the argument, but I think as your honor referred to it as semantic. It is a semantic argument to suggest that some sort of use of a particularly serious crime, because that is the issue in a particularly serious crime, to suggest that the board is confused in reviewing immigration judge's decision, to suggest that the board is confused after citing its precedent and its regulations. It doesn't hold water to suggest that that's even a reasonable reading of the board's decision. So I think as Judge Helpe mentioned, it would just go back for the board to say, okay, we'll put them two separate paragraphs. Will that be clear? At some point when someone asks for remand, it has to be based on something more than just a semantic reading or something beyond that. Neither petitioner, respondent, nor the court are confused by what the board ultimately did. Well, you don't disagree that there's not a lot of frasesque analysis in this decision, or is it your position that once the board found that it was particularly serious, it didn't have to go through the frasesque factors? Well, it's complicated because the frasesque factors have changed over the years with NAM and then RAM. So the board conducted more than adequate analysis, particularly because it's run through these convictions in the course of talking about cancellation of removal, it's talked about the CAD applications, it talked about a variety of things. But it runs through what happened. It doesn't say why, it doesn't give an explanation as to why the court found it particularly serious offense. Well, it's straightforward. Petitioner, for example, starts with the complaint about elements. Well, the immigration judge provided the elements, no one's confused about the elements. This is not a particularly complicated element type case where maybe you have 10 elements. It's trafficking of a drug. That's the beginning point and really the end point of the elements discussion here. We all know what it is. It's drug trafficking. So we can look at, for example, the Ninth Circuit's decision in Dominguez. The Ninth Circuit's decision in Dominguez upholding the board decision is no longer than the board decision here. The Ninth Circuit does exactly what the board does here. It runs through the concerns about drug trafficking, talks about some of the facts of the case and says, therefore, the board's decision is not an abuse of discretion. What we have here, though, is a conclusion, a statement that it was a particularly serious offense. But in its explanation, the only thing that I could find was sort of a reference, an allusion to a large amount of marijuana with nothing more. So I looked to see whether this large amount of marijuana actually fit within what the board previously considered so. And I haven't come up with anything. So how is this a sufficient explanation, an explanation with sufficient clarity? Because, again, we start with the elements. It's a drug trafficking crime. And in talking about large amounts of marijuana, which is apparently a factual dispute that petitioner raises the opening brief and the reply brief says no. But that is part of the discussion is that petitioners selling marijuana in a park. And according to police reports, it's a large amount that petitioner could dispute the amount issue. But well, the police report said it was a large amount, but the actual amount wasn't a large amount. And that, too, was in the police report. Well, I think, again, we're getting this sort of the well factual issues of it, of course. And I mean, I don't want to necessarily walk completely I'll answer your question. I don't want to walk completely away from the fact that the criminal bar here does apply. But the large amount discussion, it's quoting a police report. The board's not doing anything particularly unusual. The immigration and judge both. But it's the only reference that the BIA makes to why it's a particularly serious offense. Correct. All the rest of this. Sorry. No, it's the only in its explanation. That's it. It just leaves that hanging there. And as Judge Thompson noted, you go behind it and it doesn't even seem to be accurate. It is, as you've said, it's a it's a description that the police report gives. So how are we supposed to say that this is a sufficient explanation with sufficient clarity? Well, first of all, your honor, I think if this is then a factual dispute about the amount in the report, then again, this is just a well, a factual dispute that's not reviewable by the court. But petitioner says that the board was parodying the police report. Well, it is quoting it. It's talking about what it says. But we also have to look at the immigration judge's decision at 60 and 61 of the record where the immigration judge does run through. And the immigration judge's factual findings are, of course, relevant in this case. So in looking at 60 and 61 and then the board's affirmance, ultimately the conclusion undeniably immigration judge did an incorrect analysis. But the judge immigration judge's factual findings combined with the board's decision don't leave much confusion about the fact that there's a drug trafficking crime in a public park involving what the police report says was a large amount. Whatever we understand the term large amount to mean, that can be a subject of dispute. But if it's a factual dispute, then under the criminal bar, the court can't review it. Unless the court has any further questions, I think the rest of the issues, particularly jurisdiction and the exhaustion issues, can rest on the briefs. We ask the court to deny and dismiss the petition. Other questions? Thank you, Mr. Nsenga. Thank you, sir. Mr. Crane, you're reserved a minute. Thank you, Your Honor. Just briefly responding. The argument, I'm not going to address any further the argument related to the combination of the offenses. I think that the failure to adequately explain the analysis of the Frantescu factors is an alternative ground for remanding this case. And frankly, what the government has argued here is its own. It's basically proffered its own analysis as to why the Frantescu factors would support a particularly serious crime conclusion. But it's not on the government to supply that. And again, the flaw here is that the BIA hasn't explained any of its analysis or its application of these factors. The nature of the offense is the first factor. This is essentially the elements test. The BIA has not explained why the elements of this offense bring it within the ambit of a particularly serious crime. The second factor is the underlying facts of the conviction. The BIA states the facts, but doesn't explain at all why these facts are indicative of a particularly serious crime. The third factor is the sentence imposed. The BIA doesn't discuss this whatsoever. And the fourth factor is whether the circumstances indicate that the petitioner is a danger to the community. And again, there's no consideration of this factor whatsoever. So it's this lack of analysis that's the flaw in the BIA's decision. Just with respect to the amount of marijuana, I understand why the government wants to make it seem like we're trying to relitigate facts. We're not trying to relitigate facts. We agree that the amount of marijuana was 25 grams. The reason we bring that up is because there is a past precedential decision by the BIA in which it states that 30 grams is a useful guidepost for determining whether an amount of marijuana is small. The BIA here in its factual findings states that this is large. So we bring that up just to simply note that incongruity, that in its decision in Casual Rodriguez. And if the court has no further questions, I would rest on my brief. Judge Helpe, you're muted, but we'll go with Judge Thompson first, then we'll turn to Judge Helpe. Okay, in the case where the BIA discussed 30 ounces being a small amount, did that case involve the sale of a narcotic? I believe it did, yes. Okay. And my only question is, I'm looking, as the counsel for the United States noted, to look at pages 60 and 61 of the addendum, or the brief, and I'm looking at the IJ's decision. Your arguments as to the BIA's decision would also apply to the decision of the IJ, right? It doesn't, in your view, change anything at all, correct? Correct. I think that the IJ's decision here really can't sort of supplement the lack of analysis in the BIA's decision because what the IJ did here was it didn't even get to an application of the matter of NAM test. What it did was apply this presumption from matter of YL that all drug trafficking offenses are particularly serious offenses. And the BIA agreed that that was improperly applied, that presumption, because the presumption only applies when the drug trafficking offense is an aggravated felony. So the IJ really didn't get into this PSC analysis, and that's why we asked the BIA to remand the case to the IJ when we were before that court. All right. Thank you, counsel. Thank you both. Thank you. That concludes argument in the case. Attorney Crane and Attorney Nsenga, you should disconnect from the hearing at this time.